IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-03100-01-CR-S-RK |
| | ) | |
| DAMONTAE C. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss the Indictment on Void-for-Vagueness Grounds. (Doc. 39.) Defendant moves for an order dismissing the indictment because the statute charged is unconstitutionally void for vagueness on its face. This action has been referred to the undersigned for the purpose of submitting a report on any pretrial motions to dismiss the indictment. As follows, it is **RECOMMENDED** that the Motion to Dismiss be denied without prejudice as premature.

Defendant is charged by Superseding Indictment with one count of possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Doc. 46.) He argues that the term "unlawful user" is unconstitutionally vague on its face in violation of the Due Process Clause. The Government opposes the motion, claiming that a defendant cannot raise a facial vagueness challenge without first showing that the statute is vague as applied to his own conduct. The Government also asserts that an as-applied vagueness challenge requires the finding of facts relevant to a trial on the merits, and thus cannot be raised in a pretrial motion to dismiss.

"A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015)). Defendant agrees that "[v]oid-for-vagueness challenges come in two types: facial and as applied," and that "[i]n an as applied challenge, the defendant argues the statute does not provide fair notice that his particular conduct exposes him to liability." (Doc. 39 at 5.) Relying on *Johnson*, Defendant argues the Supreme Court "squarely" rejected "the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson,* 135 S. Ct. at 2561. According to Defendant, "[f]ollowing *Johnson*, a defendant is no longer required to establish that no set of circumstances exists under which [a statute] would be valid." (Doc. 39 at 5.)

Since *Johnson* was decided, however, the Eighth Circuit has held that a defendant must first show that Section 922(g) is vague as applied to his own conduct before he may raise a facial challenge. *United States v. Bramer*, 832 F.3d 908, 909-10 (8th Cir. 2016). In *Bramer*, the defendant pled guilty to one count of possession of a firearm by an unlawful user of a controlled substance, in violation of Section 922(g)(3). He then appealed on the basis that the statute is facially unconstitutional because the term "unlawful user" of a controlled substance is vague. *Id*. at 909. He did not argue the statute was vague as applied to his own conduct. *Id*. The Eighth Circuit affirmed his conviction, holding:

> (t)hough it is plausible that the terms "unlawful user" of a controlled substance and "addicted to" a controlled substance could be unconstitutionally vague under some circumstances, Bramer does not argue, and has not shown, that either term is vague as applied to his particular conduct of possessing firearms while regularly using marijuana. Under our

2

> case law, his facial challenge to the constitutionality of § 922(g)(3) cannot succeed without such a showing.

*Id*. at 909-10. Here, Defendant has made no argument or showing as to his own conduct.

Furthermore, the Eighth Circuit acknowledged *Johnson* in the opinion, stating "[t]hough [defendant] need not prove that § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct." *Id*. at 909 (citing *United States v. Cook*, 782 F.3d 983, 987 (8th Cir.), *cert. denied*, 136 S. Ct. 262 (2015) ("a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others") (internal quotations and citation omitted)). Although Defendant criticizes *Bramer*, this opinion remains binding precedent in this circuit. *See United States v. Stupka*, No. 19-CR-3024-LTS-KEM, 2019 WL 5960661 at *8 (N.D. Iowa Nov. 13, 2019) (finding the rule in *Bramer* applied where a defendant had not pleaded guilty or otherwise admitted to being an unlawful user of a controlled substance during the time the firearm was possessed, and denying a facial vagueness challenge to Section 922(g)(3).) Other courts reviewing facial challenges to Section 922(g)(3) since *Johnson* have also rejected them. *See United States v. Cook*, 914 F.3d 545, 549-55 (7th Cir. 2019), *cert. granted, judgment vacated*, 140 S. Ct. 41 (2019) (remanding for reconsideration on separate grounds in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019)); *United States v. Hasson*, No. GJH-19-96, 2019 WL 4573424 at *7 (D. Md. Sept 20, 2019); *United States v. Moss*, No. 18-CR-316 (JCH), 2019 WL 3215960 at *4 (D. Conn. July 17, 2019); *United States v. Phommaseng*, No. 15–20006–JAR, 2015 WL 5937595 at *14-15 (D. Kan. Oct. 12, 2015).

Citing the Supreme Court's subsequent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Defendant claims that reliance on *Bramer* is erroneous. (Doc. 54 at 6.) However, *Sessions* only reaffirmed what *Johnson* had previously stated, that "our decisions squarely contradict the

3

theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id*. at 1214 n.3 (*citing Johnson*, 135 S. Ct. at 2561.) Thus, contrary to Defendant's assertion, *Sessions* does not alter the binding precedence of *Bramer*.

Defendant also relies on the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). However, although *Rehaif* addresses the statute that Defendant contends is unconstitutionally vague, it is explicitly limited to the holding that in prosecutions under Section 922(g), the Government must prove that a defendant not only knew he possessed a firearm, but also "that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200 ("We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.") As a result, *Rehaif* also does not affect *Bramer's* relevance.

Based on the foregoing, in accordance with the Eighth Circuit's opinion in *United States v. Bramer*, the undersigned finds that Defendant has failed to argue or show that the term "unlawful user" of a controlled substance is vague as applied to his particular conduct. Consequently, he is precluded from raising a facial challenge to Section 922(g)(3). It is therefore **RECOMMENDED** that the Motion to Dismiss be denied without prejudice as premature.

/s/ *David P. Rush*  
DAVID P. RUSH  
UNITED STATES MAGISTRATE JUDGE

DATE: December 4, 2019