# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-3100-01-CR-S-RK |
| DAMONTAE C. WILLIAMS, | ) ) ) |
| Defendant. | ) |

## ORDER

On September 18, 2018, Defendant Damontae Williams was charged with one count of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). (Doc. 1.) On August 23, 2019, Defendant was charged in a Superseding Indictment, which, although worded differently, charged Defendant with the same crime. (Doc. 46.) Defendant moves to dismiss the charge against him. (Doc. 39.) He argues the term "unlawful user" is facially vague in violation of the Due Process Clause. On December 4, 2019, United States Magistrate Judge David P. Rush issued a Report and Recommendation wherein he recommends Defendant's motion to dismiss be denied. (Doc. 55.)

Defendant objects to Judge Rush's Report and Recommendation, arguing he may bring a facial vagueness challenge to 18 U.S.C. § 922(g)(3) without first establishing the statute is unconstitutional as applied to the facts of his case. (Doc. 56.) The Government has not responded to Defendant's objection, and the time for doing so has passed. L.R. 74.1(b)(2). As required by 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review. After carefully considering and independently reviewing the record, the parties' arguments, and the applicable law, the Court adopts Judge Rush's findings of fact and conclusions of law in his Report and Recommendation. This Order is meant only to summarize and supplement the Report and Recommendation.

Defendant argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), he "is no longer required to establish that no set of circumstances exists under which [a statute] would be valid." (Doc. 39, at 5.) However, in *United States v. Bramer*, the Eighth Circuit held "our case law still requires [the defendant] show that the statute is vague as applied to his particular conduct" before the defendant may raise a facial vagueness challenge to the statute. 832 F.3d 908, 909 (8th

Cir. 2016) (per curiam).  The Eighth Circuit acknowledged the Supreme Court's decision in *Johnson* but found *Johnson* did not dictate a different result in *Bramer*. *Id.*

Defendant contends subsequent decisions by the Supreme Court – i.e., *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Rehaif v. United States*, 139 S. Ct. 2191 (2019) – establish *Bramer* was incorrectly decided.  But a district court cannot find *Bramer* was incorrectly decided or misinterpreted *Johnson*.  Moreover, *Dimaya* did not expand the void for vagueness doctrine set forth in *Johnson*.  And *Rehaif* did not involve a vagueness challenge.  *Rehaif* only addressed whether the government must prove a defendant knows his/her status as a person barred from possessing a firearm under 18 U.S.C. § 922(g).  The Court concludes it is bound by *Bramer.*

Accordingly, Defendant's Objections to the Report and Recommendation (Doc. 56) are **OVERRULED**, and Defendant's Motion to Dismiss (Doc. 39) is **DENIED**.

**IT IS SO ORDERED**.

        s/ Roseann A. Ketchmark
        ROSEANN A. KETCHMARK, JUDGE
        UNITED STATES DISTRICT COURT

DATED:  May 4, 2020